IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FIDELITY NATIONAL FORECLOSURE SOLUTIONS,<br><br>            Plaintiff,<br><br>        v.<br><br>ALL CLAIMANTS TO SURPLUS PROCEEDS AFTER TRUSTEE'S SALE OF REAL PROPERTY LOCATED AT 216 CONVICT DRIVE, MAMMOTH, CA 93546,<br><br>            Defendants. | 2:04-cv-2174-GEB-JFM<br><br>ORDER[*] |

Defendant United States of America moves for summary judgment in this interpleader action regarding surplus proceeds resulting from the foreclosure of real property located at 216 Convict Drive, Mammoth, California 93546 ("Property"). The United States contends the proceeds should be applied to its federal tax liens against Defendant Carstens, the former owner of the Property.[1] The

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Defendant James C. Brown, Trustee of the Mammoth Preservation Trust (the assigned beneficiary under the Second

(continued...)

1

1  United States asserts that "as of July 31, 2005 there remains due and
2  owing from Defendant Carstens the sum of $205,659.90 for [federal tax]
3  assessments," for which "on January 2, 2001, a Notice[s] of Federal
4  Tax lien was recorded with the County Recorder." (Statement of
5  Undisputed Facts ("SUF") ¶¶ 7, 10(I).)  Further, the United States and
6  James C. Brown stipulated to payment of $25,000 in full satisfaction
7  of the Trust's claims for attorney's fees and costs incurred in
8  defending the priority of the Second Deed of Trust.  (July 8, 2005,
9  Stipulation ¶ 4.)
10         Defendant Carstens opposes the motion for summary judgment,
11 arguing: (1) an alleged $75,000 offset was not properly applied to his
12 tax obligation; (2) the stipulated attorney's fees are unreasonable
13 and he is entitled to a homestead exemption as to the $25,000 for
14 attorney's fees; and (3) this action should be stayed pending the
15 outcome of his motion in the bankruptcy court for a rescission of the
16 trustee's sale.

## DISCUSSION[1]

18         It is undisputed that under the federal tax lien "filed
19 against the subject property with the County Recorder" (Ham Decl.,
20 exh. F), "as of July 31, 2005, there remains due and owing from
21 Mr. Carstens the sum of $201,659.89, inclusive of accrued interest and

---

[1](...continued)
Deed of Trust), joins in the United States's motion for summary judgment. (Brown Notice of Joinder at 2:3-6.)

[1]    "The standards applicable to motions for summary judgment are well known, see, e.g., Rodgers v. County of Yolo, 889 F. Supp. 1284 (E.D. Cal. 1995), and need not be repeated here." Reitter v. City of Sacramento, 87 F. Supp. 2d 1040, 1042 (E.D. Cal. 2000).

2

penalties."[2]  (SUF ¶¶ 6-7.)

I. $75,000 offset

Defendant Carstens's opposition states that he "believe[s] there was an offset of $75,000 on [his] tax obligation in 1993 or 1994 following a tax audit by the IRS," and he does "not know if this was applied as an offset at a later period."  (Carstens Decl. ¶ 2.)  He further claims that his "tax obligation would be greatly reduced if the offset was not applied."  (Id.)  The United States counters since it has introduced Certificates of Assessments and Payments for the tax periods at issue, Defendant Carstens's conclusory allegations "cannot create any genuine issue to preclude summary judgment."  (Reply at 4:9-10.)

Defendant Carstens has the burden of establishing, by a preponderance of the evidence, that the IRS's determinations and assessments of his tax liabilities are somehow incorrect.  Palmer v. Internal Revenue Serv., 116 F.3d 1309, 1312 (9th Cir. 1997).  He must present evidence beyond mere allegation or denial, setting forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. Proc. 56(e).  Defendant Carstens's mere "belief" that an offset may not have been applied against his tax liability fails to create any genuine issue of fact regarding the amount owed under the federal tax lien.  (Carstens Decl. ¶ 2.)

II. Attorney's fees

Defendant Carstens argues that the stipulated attorney's

---

[2]  Defendant Carstens's opposition failed to comply with Local Rule 56-260(b). Although Defendant Carstens is litigating in propria persona, "any individual representing himself . . . without an attorney is bound by the Federal Rules of Civil . . . Procedure and by [the] Local Rules." L.R. 83-183.

3

fees are unreasonable and that his homestead exemption entitles him to an offset of the portion of the surplus proceeds stipulated as attorney's fees. (Id. ¶ 3.) Although Defendant Carstens argues that "$25,000 is [far] in excess of any amount obligated by law and Attorney work due under law" for the "Attorney fees and costs claimed in defending the Second Deed of Trust" (id.), he provides no evidence to support his contention that the stipulated amount is unreasonable.[3]

Further, the homestead exemption applies only where there is a sale of property in satisfaction of a money judgment. See Cal. Civ. Proc. Code §§ 704.710-704.995. On a foreclosure sale under a deed of trust, the junior judgment creditor, not the homeowner, is entitled to the surplus sales proceeds, because voluntarily assumed liens, such as deeds of trust, fall outside the homestead exemption. Spencer v. Lowery, 235 Cal. App. 3d 1636, 1638 (1991). The priority of a federal tax lien security interest extends to "reasonable expenses, including reasonable compensation for attorneys, actually incurred in collecting or enforcing the obligation secured." I.R.C. § 6323(e). The homestead exemption does not apply to the attorney's fees incurred defending the Second Deed of Trust because this Deed's priority extends to those fees. Id.

III. Request for Stay

Defendant Carstens also requests "the present action be Stayed" pending his "Motion to request trustee to abandon property with the United States bankruptcy court" because "the funds deposited with the Court could be due to be reimbursed to the purchaser at the

---

[3] While Defendant Carstens opposed the original amount of attorney's fees in the amount of $65,240, that objection is not responsive to the reduced amount reflected in the stipulation. (July 8, 2005, Stipulation ¶ 5.)

4

foreclosure sale." (Carstens Decl. ¶ 4.) The United States rejoins since the bankruptcy court "lifted the automatic stay to allow the foreclosure of the [Property,] . . . Mr. Carsten[s's] request to stay the current proceedings with this Court while his 'Quiet Title and Rescission of the Sale' motion is heard before the bankruptcy court should be summarily denied." (Reply at 5.) The United States also contends that "[t]o the extent that Mr. Carstens'[s] present motion before the bankruptcy court can be construed as an appeal, Mr. Carstens has not requested a stay pending appeal as required by Rule 8005 of the Federal Rules of Bankruptcy Procedure." (Id.)

Since Defendant Carstens has not shown that a stay is warranted, the request for a stay is denied.

## CONCLUSION

For the above stated reasons, the United States's motion for summary judgment is granted.

IT IS SO ORDERED.

Dated: August 25, 2005

>               /s/ Garland E. Burrell, Jr.
>               GARLAND E. BURRELL, JR.
>               United States District Judge

5